**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| In Re:   Madeline A. Ceraul | Chapter 13 Bankruptcy Number |
|---|---|
| | 16-17821-ref |
| Debtor(s) | |

FIRST AMENDED CHAPTER 13 PLAN OF REORGANIZATION

1.      The future earnings of the Debtor are submitted to the supervision and control of the Trustee and the Debtor shall pay to the Trustee the sum of $1,100.00 per month for EIGHT-(8) MONTHS; then the Debtor shall pay to the Trustee the sum of $1,200.00 for the remaining FIFTY TWO-(52) MONTHS BEGINNING IN AUGUST 2017.  This is a SIXTY- (60) month Plan for $71,098.17. **This represents the Debtor's "best effort" pursuant to 11 U.S.C. §1325(a)(4).  The Debtor has paid to date the amount of $8,800.00.**

2.      From the payments so received, the Trustee shall make disbursements as follows:

   a)      Priority payments under Rule 13.309(a):

      1)      All Administrative expenses due to Trustee, Frederick L. Reigle, Esquire

      2)      Allowed and unwaived Priority Claims as follows:
              $1,600.00 to William Hronis, Esquire (Chapter 13 Bankruptcy Attorney Fees)

   b)      The balance due for ARREARS on secured claims as follows:
              $59,912.49 to Citibank, N.A. as Trustee, *et. al.* (Select Portfolio Servicing, Inc.)-Proof of Claim #5).
              $878.35 to Toyota Motor Credit Corporation (Proof of Claim #2)

   c)      The balance due on secured claims including applicable interest, late fees and costs as follows:
              **$1,408.64 to Pennsylvania Department of Revenue (Proof of Claim #1).  No post-petition interest shall be paid on the claim.  Upon payment in full by the Chapter 13 Trustee, the Pennsylvania Department of Revenue shall mark the lien as "satisfied" and remove the same from the public record.**

              **Debtor will also be seeking Loan Modification via Select Portfolio Servicing, Inc.**

   d)      After all secured and priority claims have been paid, the remainder is to be distributed to all unsecured creditors whose claims are timely filed and duly allowed by the Court as follows:  **Unsecured Creditors to be paid in full.**

3.      The following executory contracts of the debtors are rejected:  None.

4.      Unless otherwise stated in this Plan, Debtor shall continue or resume making normal monthly payments to the following secured creditors outside the Plan as specified below:
   a.  Debtor(s) is to continue normal monthly mortgage payments to:
       Select Portfolio Servicing in December 2016.
   b.  Debtor(s) is to continue regular monthly automobile payment to
       Toyota Financial Services in December 2016.

5.      Debtors exercise(s) his/her/ their right to avoid all liens as allowed by law under 11 U.S.C. §522(f).

6.      Upon the entry of the Discharge Order, title to all the Debtor(s)' assets shall revest in the Debtor(s).  Property of the estate shall revest in the Debtor(s) at such time a discharge is granted or the case is dismissed.  In the event the case is converted to Chapter 7 or 11 of Title 11 United States Code, property of the estate shall vest in accordance with applicable law.

7.      Confirmation of this Plan shall constitute a finding in accordance with 11 U.S.C. §1322 that there is cause for extending the Plan beyond three years.  Confirmation shall also constitute approval of such extension.  Such extension is essential to the success of the Plan.  Without it the Plan would fail and no claims would be paid in full.

8.      *IN THE ABSENCE OF WRITTEN OBJECTION FILED WITH THE COURT AND SERVED UPON DEBTORS COUNSEL;  AND UPON THE CHAPTER 13 TRUSTEE AND IF APPLICABLE UPON THE U.S. TRUSTEE NOT LESS THAN FIVE (5) COURT DAYS PRIOR TO THE DATE FIXED FOR THE HEARING ON CONFIRMATION THE COURT MAY CONFIRM THIS CHAPTER 13 PLAN AND ACCEPT THE VALUATIONS AND ALLEGATIONS ASSERTED THEREIN.*

9.      *The treatment of creditors set forth in the Plan will become absolute upon confirmation pursuant to 11 U.S.C. §1327.  Therefore, if a creditor or contract party named herein objects to this plan, including specifically the valuation of security and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be filed before the date fixed by the Bankruptcy Court.*

10.     *All secured creditors, unless otherwise stated, will "retain its lien" as per 11 U.S.C. §1325(a)(1), (5) and this plan will not protect against depreciation of any asset subject to the security interest.*

11.     *The debts listed in the Chapter 13 petition and schedules shall be discharged under 11 U.S.C. §1328.*

12.      By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any co-signers that may exist, so long as this case remains pending.

13.     Any money or property acquired by either the trustee or the Debtors or refunded from the trustee's percentage fees, while this case is pending shall be deemed exempt property of the debtors if exemptible, and shall be forthwith delivered to the Debtors.

14.     If prior to the expiration of the period set forth in this Plan all filed claims provided for in this plan are paid in full, this plan shall terminate on that date.

15.     Upon notice and hearing for good cause shown, the Debtor(s) may alter the amount or timing of the payments under this plan.  Such modification shall be permitted if they are reasonable and if they do not decrease the total amount of money that will be paid out under the plan, the total amount that will be paid out to creditor(s).

16.     If the Debtor defaults, after filing of the petition, on any payment to a utility entitled to adequate assurance under 11 U.S.C. §366(b), then the debt shall, upon application of said utility, become an "administrative claim" under this plan.  This priority, upon judicial confirmation, shall be deemed adequate assurance of the utilities right to future payment.

17.     In the event that the Debtor(s) surrender collateral post-petition, post-confirmation, the Debtor(s) may move to modify their plan pursuant to 11 U.S.C. §1329 to reflect "full satisfaction" of the amount due on the secured claim under the confirmed plan if the value of the collateral is less than the amount claimed.

18.     All Objections to Confirmation of this Plan shall be sent to Debtor, Debtor's Counsel, the Standing Chapter 13 Trustee, and the Office of U.S. Trustee's Office.  If no objections are timely filed, the Plan will be construed as being made in "good faith."

19.     Any change by the Mortgagee as to the Debtor's monthly mortgage payment, whether due to an interest rate adjustment or any requested adjustment to the Debtor's escrow account shall not be valid unless the Mortgagee gives the Debtor, Counsel and the Chapter 13 Trustee, 30 days prior written notice of the intended change.  Should the Debtor (s) file a Motion with the Bankruptcy Court within the 30-day notice period described in this paragraph, the Bankruptcy Court shall have sole jurisdiction to determine the extent and validity of the requested payment change.

20.     Payments made by the Debtor(s) or the Chapter 13 Trustee shall be credited to the Debtor's account immediately upon receipt by the Mortgage Creditor(s) listed herein.

21.     Any payment(s) made by the Debtor in accordance with this paragraph that is refused or returned by the Mortgage Creditor(s) listed herein, prior to the entry of an Order granting the Mortgage Creditor(s) Relief from the Automatic Stay, shall be deemed as having been paid for purposes of any subsequent hearing on a request for Relief from the Automatic Stay filed by the Mortgage Creditor(s).

22.     The Debtor(s) shall not be obligated to pay the Mortgage Creditor(s), as part of this bankruptcy or otherwise, any attorney's fees or costs of the Mortgage Creditor associated with this Bankruptcy without having provided to the Debtor(s) and Debtor(s)

counsel at least 30-days prior written notice of their intention to assess the fees and costs to the Debtor(s) account.  Should the Debtor file a Motion with the Bankruptcy Court within the 30-day notice period described in this Plan, the Bankruptcy Court shall have sole jurisdiction to determine the extent and validity of the Debtor(s) obligation to pay and/or reimburse the Mortgage Creditor(s) for those fees and costs.

23.    Full payment by the Debtor of all pre-and/or post- petition arrears provided under this Plan shall be deemed to cure any pre-confirmation payment default by the Debtor(s) under the Mortgage/Note.

I/we declare the foregoing statements in my Chapter 13 Plan to be true and correct under penalty for perjury.

July 28, 2017                                                      /s/William Hronis, Esquire

_____                                   _____

Date                                                              William Hronis, Esquire on behalf of
Madeline A. Ceraul (consent to execute
furnished on July 28, 2017 at 2:28 p.m.

Acceptances may be mailed to: William Hronis, Esquire, 609 Hamilton Street, Allentown, PA 18101, Frederick L. Reigle, Esquire, P.O. Box 4010, Reading, PA 19606, U.S. Trustee for Region III, U.S. Department of Justice, Office of the U.S. Trustee for Region III, 833 Chestnut Street, Suite 500, Philadelphia, PA  19107