IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Madeline A. Ceraul a/k/a Madeline Ann Ceraul<br>_Debtor_ | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>_Movant_<br>vs. | NO. 16-17821 REF |
| Madeline A. Ceraul a/k/a Madeline Ann Ceraul<br>_Debtor_ | |
| Frederick L. Reigle Esq.<br>_Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through December 2017, including a suspense balance of $430.06.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the partial payment due January 23, 2018 in the amount of $140.22, and from there, the full payment of $570.28 per month beginning with February 23, 2018.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

4. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

5. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

6. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan, and applicable law.

7. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 24, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 1/24/2018

_William Hronis_
William Hronis, Esquire
Attorney for Debtor

Date: 1/29/18

_Frederick L. Reigle_
Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

**Date: January 31, 2018**

_____
Bankruptcy Judge
Richard E. Fehling