United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Madeline A. Ceraul  
    Debtor

Case No. 16-17821-ref  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4    User: dlv    Page 1 of 1    Date Rcvd: Jan 31, 2018  
    Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 02, 2018.  
db    +Madeline A. Ceraul,   204 South Main Street,   Pen Argyl, PA 18072-9699

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.    TOTAL: 0

    ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****  
cr    US Bank Trust National Association as Trustee of t  
    TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 02, 2018    Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 31, 2018 at the address(es) listed below:  
    DANIELLE BOYLE-EBERSOLE   on behalf of Creditor   Citibank, N.A., as Trustee et al c/o Select Portfolio Servicing, Inc. debersole@hoflawgroup.com, bbleming@hoflawgroup.com  
    FREDERICK L. REIGLE   ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
    FREDERICK L. REIGLE   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
    LISA MARIE CIOTTI   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
    REBECCA ANN SOLARZ   on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
    United States Trustee   USTPRegion03.PH.ECF@usdoj.gov  
    WILLIAM HRONIS   on behalf of Debtor Madeline A. Ceraul william.hronis@gmail.com, hronis@rcn.com  
    TOTAL: 7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Madeline A. Ceraul a/k/a Madeline Ann Ceraul <br> Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation <br> Movant <br> vs. | NO. 16-17821 REF |
| Madeline A. Ceraul a/k/a Madeline Ann Ceraul <br> Debtor | |
| Frederick L. Reigle Esq. <br> Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through December 2017, including a suspense balance of $430.06.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the partial payment due January 23, 2018 in the amount of $140.22, and from there, the full payment of $570.28 per month beginning with February 23, 2018.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

4. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

5. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

6. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan, and applicable law.

7. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 24, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 1/24/2018

William Hronis, Esquire
Attorney for Debtor

Date: 1/22/18

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this ____ day of _____
retains discretion regarding entry of any further order.

**Date: January 31, 2018**

Bankruptcy Judge
Richard E. Fehling